**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANK P. RIESS, | : | |
| | : | Civil Action No. 05-2938 (AET) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION and ORDER** |
| | : | |
| STATE OF NEW JERSEY | : | |
| DEPARTMENT OF CORRECTIONS, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

Frank P. Riess, Petitioner pro se
#864004A 302578
Bayside State Prison
4293 Route 47, Box F-2
Leesburg, NJ 08327

**THOMPSON**, District Judge

Petitioner, an offender convicted in the Superior Court of New Jersey, Law Division, Ocean County, has submitted a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1]  Petitioner currently is confined at the Bayside State Prison pursuant to the challenged conviction.  It does not appear that the Petition names a proper respondent.

---

[1] Although Petitioner cited 28 U.S.C. § 2241 as the jurisdictional basis for his Petition, as a state prisoner challenging the constitutionality of his detention pursuant to the judgment of a state court, the Petition is properly brought pursuant to 28 U.S.C. § 2254.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." <u>See also</u> Rule 2, Rules Governing § 2254 Cases in the United States District Court. As explained in the Advisory Committee Notes following Rule 2, an applicant in jail, prison, or other actual physical restraint shall name as respondent "the state officer who has official custody of the petitioner (for example, the warden of the prison)," (2) an applicant who is on probation or parole due to the state judgment he is attacking shall name as the respondent "the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate," and (3) an applicant in custody in any other manner due to the state action he seeks relief from shall name as respondent "the attorney general of the state wherein such action was taken."  Rule 2, Rules Governing § 2254 Cases, Advisory Committee Notes (1976 Adoption).

In the Petition, Petitioner alleges that he is confined at Bayside State Prison pursuant to the challenged conviction; he does not allege that he is currently on probation or parole. Thus, the State of New Jersey Department of Corrections is not a proper respondent to this Petition.

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

It appearing that Petitioner has failed to name as a respondent an indispensable party;

IT IS on this 4th day of October, 2005,

ORDERED that Petitioner may file an amended petition naming a proper respondent, or clarifying his custody status if he contends that the State of New Jersey Department of Corrections is a proper respondent, within 45 days of the date this Order is entered; and it is further

ORDERED that if Petitioner does not file such an amended petition within the above 45-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

s/Anne E. Thompson
Anne E. Thompson
United States District Judge

3