**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| FRANK P. RIESS, | : | |
| | : | Civil Action No. 05-2938 (AET) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THOMAS P. SULLIVAN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

| | |
|---|---|
| Petitioner <u>pro se</u> | Counsel for Respondent |
| Frank P. Riess | William Kyle Meighan |
| Bayside State Prison | Ocean County Prosecutors Ofc. |
| 4293 Route 47, Box F-2 | P.O. Box 2191 |
| Leesburg, NJ 08327 | 119 Hooper Avenue |
| | Toms River, NJ 08754 |

**THOMPSON**, District Judge

Petitioner Frank P. Riess, a prisoner currently confined at Bayside State Prison in Leesburg, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Administrator Thomas P. Sullivan.

For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]

> The theft by deception that defendant was found to have committed consisted of him befriending an elderly widow and persuading her to give him substantial amounts of money, based on his representations that he needed the money for the support of his family and would repay the victim as soon as possible, when defendant was in fact using most of the money to purchase drugs and had no intention of repaying her. Three or four times a week, defendant would drive the victim to one of the banks in which she maintained accounts, wait outside while she went into the bank and withdrew cash, and then take the cash from her after she left the bank. The State presented evidence that the victim made 268 such withdrawals, totaling $236,374, over a year and a half, and that when she was eventually declared incompetent, she only had $33,028 remaining in her accounts. In his defense, defendant took the position through counsel that the payments from the victim were gifts rather than loans and that they were made in exchange for personal services. Alternatively, defense counsel suggested that the payments were _bona fide_ loans that defendant was ultimately unable to repay.

(Exhibit to Petition, Opinion of Superior Court, Appellate Division, dated May 23, 2001, at 2.)

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

B.   Procedural History

Prior to trial, the State extended a plea offer to Petitioner of a sentence of ten years imprisonment with a five-year period of parole ineligibility, the usual sentence for a second-degree offense. At a plea cut-off hearing on May 10, 1999, at which he was represented by counsel, Petitioner rejected that offer.

> THE COURT: Mr. Zager, I understand in this matter that the State has extended a plea offer to your client to plead guilty.
>
> MR. ZAGER: Paul Zager.
>
> THE COURT: To a second-degree, Mr. Paulhus?
>
> MR. PAULHUS: It is, your Honor.
>
> THE COURT: And the offer is a sentence of ten years with five-year period of parole ineligibility. You've discussed that with your client?
>
> MR. ZAGER: Yes, I have, Judge.
>
> THE COURT: And your client's position with regard to same is?
>
> MR. ZAGER: He rejects it.
>
> THE COURT: All right, Mr. Reiss, you understand that you have the right to reject the plea offer and to have a trial, of course. But I want you also to understand that based upon what counsel have indicated to me that should you go to trial and should the worst happen, <u>you would be facing a sentence of 20 years with a ten-year period of parole ineligibility</u>. You understand that?
>
> THE DEFENDANT: I understand that.
>
> THE COURT: All right. And being aware of that possibility, it's your decision to reject the plea offer and have a trial.?

      THE DEFENDANT: Yes, sir.

(Transcript of May 10, 1999, at 2-3 (emphasis added).)

    Pursuant to a jury trial in the Superior Court of New Jersey, Law Division, Ocean County, Petitioner was found guilty of second-degree theft by deception in violation of N.J.S.A. 2C:20-4a.  The trial court granted the State's motion to sentence Petitioner as a persistent offender to an extended term and imposed a sentence of 19 years imprisonment with nine years of parole ineligibility.

    By Opinion and Order entered May 23, 2001, the Superior Court of New Jersey affirmed Petitioner's conviction and sentence to an extended term.  By Order filed September 10, 2001, the Supreme Court of New Jersey denied certification.  170 N.J. 86 (2001).

    Thereafter, Petitioner filed a petition for post-conviction relief in the trial court, alleging ineffective assistance of trial and appellate counsel.  Following an evidentiary hearing, the trial court denied relief by an oral opinion rendered on June 17, 2003.  By Opinion and Order dated November 9, 2004, the Appellate Division affirmed.  By Order filed March 10, 2005, the Supreme Court of New Jersey denied certification.

    This Petition followed.  Petitioner utilized a form petition, answering the questions about prior state proceedings but leaving blank the space for answering question number 10:

> State <u>CONCISELY</u> every ground on which you claim that you are being held unlawfully.  Summarize <u>briefly</u> the <u>facts</u> supporting each ground.  If necessary, attach a SINGLE page only behind this page.

(Petition, ¶ 10.)  Petitioner attached to the Petition all of the Appellate Division Opinions and the Orders of the Supreme Court of New Jersey denying certification.  Accordingly, this Court originally liberally construed the Petition as asserting all of the claims asserted in the state courts.

In response to this Court's Order to Answer, Respondent has directed the Court's attention to two pages attached to the end of the Petition, following the exhibits, in which Petitioner writes:

> All I'm asking is that somebody please look at my pro se supplemental brief I sent to the Supreme Court.  The trial order is enclosed.  The plea cut off form.  I never saw it and my trial lawyer said that he never saw it but his name is signed where the attorney is supposed to sign and my name is not signed.  When I went to post conviction hearing the judge asked the trial attorney if that was his handwriting and he said no.  As you could see they the state and my attorney crossed me at trial so could somebody please look at the papers I sent and try to help me.
>
> ...
>
> I Frank Riess tryed [sic] to get the citation or number of opinion in this petition and our law library don't have the books I need to get them.  So I'm sending you copys [sic] of my appeals court decisions and supreme courts as well.  I also filed for post conviction relief and on May 9, 2003 Judge Citta ordered that I have a evidentiary hearing.  The hearing took place June 17, 2003.  On that same day Judge Citta denied my application.  That's when I filed another appeal with the appellate court.  They the appellate division affirmed that as well.  Decided Nov. 9, 2004.

> Then I filed certification with supreme court and certification was denied as well March 8th 2005.  I'm asking for somebody to please look at my case and the pro se brief I sent to the supreme court and please help me.  I got 19 years with a 9 year step for theft by deception.  You could see in my pro se brief to the supreme court that my trial lawyer crossed me.  Please help me and let me be heard.

(Petition.)

Respondent construes the Petition as asserting a claim of ineffective assistance of counsel based upon the argument made by Petitioner in his pro se supplemental brief to the Supreme Court of New Jersey on appeal of the denial of his petition for post-conviction relief.

> Petitioner asserts he was deprived of his Constitutional Protections of effective assistance of counsel guaranteed by the United States Constitution when his attorney failed to inform him of the fact that, in the event he rejected the State's plea and elected to proceed to trial he would face exposure to an extended term of imprisonment.  U.S.C.A. Const. Amend. 6 and N.J.S.A. Art. 1/ Para. 10.

(Pro Se Supplemental Brief at i.)

Petitioner did not file a Reply in support of his Petition. This Court agrees, based upon Petitioner's statements in the last two pages of the Petition, that the state court opinions attached to the brief were attached in order to respond to the form questions regarding procedural history and that the claim that Petitioner wishes to assert here is limited to a claim of ineffective assistance of trial counsel based upon the alleged

failure to properly inform Petitioner of the sentencing exposure he faced upon rejection of the State's plea offer.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent."

7

Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable.  Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts.  Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference.  Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment.  See

Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent."  Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the

Assistance of Counsel for his defence." U.S. Const. amend. VI. The right to counsel is "the right to <u>effective</u> assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u> at 694. Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> at 687. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Id.</u> at 695.

The performance and prejudice prongs of <u>Strickland</u> may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." <u>Id.</u> at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

10

Strickland, 466 U.S. at 689. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 690-91. If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of Strickland. See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

In Hill v. Lockhart, 474 U.S. 52, 58 (1985), the Supreme Court held that the Strickland test applies to advice given by counsel in the context of guilty plea discussions. Although the standard for deficient performance remains unchanged in the context of the plea process, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. Thus, a prisoner may establish prejudice by demonstrating that he likely would have received a lower sentence by pleading guilty rather than proceeding to trial, see U.S. v. Booth, 432 F.3d 542, 546-47 (3d Cir. 2005), or that there is a "'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial,'" Weeks v. Snyder, 219 F.3d 245,

257 (3d Cir.) (quoting Hill, 474 U.S. at 59), cert. denied, 531 U.S. 1003 (2000).

Here, the trial court found that there had been no deficient performance by Petitioner's trial counsel in the context of the plea discussions and the rejection of the plea offer.  After noting that the court had advised Petitioner of the potential 20-year sentence at the plea cut-off hearing, the PCR court found based upon the testimony that Petitioner's trial counsel had advised Petitioner multiple times that he faced an extended term of 20 years if he rejected the State's plea offer.  The PCR court found that trial counsel had adequately advised Petitioner of the strengths and weaknesses of the case.  The PCR court reviewed the Strickland standard, and found no deficient performance by trial counsel.  (Transcript, June 17, 2003, at 50-62.

> [THE COURT:] I find as a matter of fact from the credible testimony that Mr. Zager properly advised, and did advise almost ad nauseam up to the date of the plea cut-off on May 10th, as evidenced on the record, that there was a maximum exposure on an extended term of 20, serve ten.

(Transcript, June 17, 2003, at 61.)  The Appellate Division affirmed for the reasons stated in the trial court's oral opinion.

The decision of the state court was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding. Petitioner is not entitled to relief.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. No certificate of appealability shall issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition must be denied. An appropriate order follows.

s/Anne E. Thompson  
Anne E. Thompson  
United States District Judge

Dated: October 24, 2006